Louis Bradford Lumber Company, appellee, v. Minnie C. Creel, appellant.

Filed April 17, 1913.   No. 17,124.

1. Mechanics' Liens: Foreclosure: Nonresidence of Defendant: Question of Fact. In a suit to foreclose a mechanic's lien, non-residence of a defendant, upon whom plaintiff attempted to make service by publication, is a question of fact, when put in issue by the pleadings.

2. ————: Subcontractors. A subcontractor who furnished at different times materials for a house, pursuant to a continuous course of dealing under a single contract, is entitled to a mechanic's lien for the balance due him, where he filed a proper statement with the register of deeds within the statutory period.

Appeal from the district court for Douglas county: Alexander C. Troup, Judge. *Affirmed.*

*William Baird & Sons,* for appellant.

*Montgomery, Hall & Young, contra.*

Rose, J.

This is an action to foreclose a mechanic's lien on a house and two lots in Omaha. Plaintiff, as a subcontractor, furnished material for the house, and filed a lien for $166.39, the balance claimed to be due. George Dunham was the contractor. When the materials were furnished, Minnie C. Creel owned the lots, but before this suit was instituted she and her husband sold them to Andrew Sohler; the transfer having been made January 15, 1909, and plaintiff's petition having been filed August 17, 1909. Creel and wife, Sohler and wife, and Dunham are defendants. From a decree foreclosing plaintiff's lien defendant, Minnie C. Creel, has appealed.

As a reason for reversing the decree of foreclosure, it is asserted: "The action is barred, as the same was not commenced as to the owner of the real estate within two years of the filing of the lien." The lien was filed De-

cember 12, 1907, and personal service of summons was not made upon Sohler until January 6, 1910. Proof of service by publication, however, had been filed November 2, 1909, and this was within the statutory period of two years, but defendant asserts it was void. Constructive service was based on an affidavit that Sohler was a nonresident, upon whom personal service could not be made in Nebraska. Nonresidence was a controverted issue of fact, with evidence on both sides. The trial court found that Sohler was a resident of Iowa, and the more convincing proofs sustain that conclusion. It is therefore adopted as correct, and prevents a reversal on this ground.

Defendant also argues the following proposition: "Plaintiff's material was furnished under at least three distinct contracts, and, at the date of filing the lien, the time for filing the same had expired as to all of the contracts and the materials covered by the same, except as to its last set of items, totaling $86.14, and these items were paid for on November 13, 1907."

The evidence indicates a continuous course of dealing under one contract, and plaintiff was entitled to the balance due for material furnished thereunder. The trial court properly so found, and that conclusion defeats this defense. No error has been found, and the judgment is

AFFIRMED.

REESE, C. J., BARNES and FAWCETT, JJ., concur.

LETTON, SEDGWICK and HAMER, JJ., not sitting.